UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MANDY R COLEMAN, ET AL          CIVIL ACTION NO. 21-cv-370

VERSUS                           CHIEF JUDGE HICKS

INTENSIVE SPECIALTY HOSPITAL, LLC    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Mandy and Prudence Coleman ("Plaintiffs"), individually and on behalf of their deceased father, filed this civil action in state court against Intensive Specialty Hospital, LLC ("Defendant") based on allegations that their father died in the defendant's facility after he contracted the Covid-19 virus. Plaintiffs allege that Defendant was negligent in various ways. Defendant removed the case based on both diversity jurisdiction and federal question jurisdiction. Plaintiffs filed a motion to remand that challenged both grounds. The court issues this order to guide the parties in providing additional information regarding the citizenship of the parties.

There are issues regarding the citizenship of Plaintiffs. The notice of removal alleges that the two individual plaintiffs are residents of the State of Louisiana. It is domicile rather than mere residency that determines the citizenship of a person for purposes of diversity jurisdiction. <u>Midcap Media Finance, LLC v. Pathway Data, Inc.</u>, 929 F.3d 310, 313 (5th Cir. 2019). Plaintiffs are also proceeding on behalf of their late father, and the legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). Accordingly, Defendant must allege with

specificity the state in which each individual plaintiff was domiciled at the time suit was filed and the state in which the decedent was domiciled at the time of his death.

Clarification is also needed with respect to Defendant's citizenship. The citizenship of an LLC is based on the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). Defendant alleges in the notice of removal that it is a limited liability company and no member resides in Louisiana. It refers to the affidavit of Chaim Rottenberg, who is described in the notice as the "sole member and manager" of the LLC. The affidavit itself, however, states that Rottenberg is "a member" of the LLC and that no members reside in Louisiana.

"A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). Defendant, if it wishes to ensure the existence of diversity jurisdiction, must allege with specificity the identiy and citizenship of each member of the LLC.

Also before the court is a Motion for Extension of Time (Doc. 9) regarding the briefing of the pending motion to dismiss. Defendant opposes the extension even though it acknowledges that subject matter jurisdiction is ordinarily decided before the merits of a

claim. Defendant mentions in its memorandum (Doc. 12) that its motion to dismiss contains a more extensive and comprehensive discussion of the applicability of the PREP Act, and it does not intend to address the issues in as much detail in its memorandum related to the motion to remand.

The motion to dismiss is noticed for decision by Chief Judge Hicks, and the motion to remand is noticed for consideration by the undersigned. There is potential overlap between the issues presented in the motions, but Defendant should ensure that all arguments related to the motion to remand are included in its memorandum in opposition to the motion to remand. To ensure that Defendant has adequate time to do so, Defendant is granted an extension of time until **March 15, 2021** to file its memorandum in opposition to the motion to remand. It is also allowed until **March 15, 2021**to file an amended notice of removal that addresses the diversity jurisdiction issues raised in this order.

Plaintiffs' **Motion for Extension of Time (Doc. 9)** regarding the briefing of the motion to dismiss is **granted**. The deadline for Plaintiffs to file a memorandum in opposition to the motion to dismiss is extended until 14 days after the court issues a decision on the motion to remand.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of March, 2021.



Mark L. Hornsby
U.S. Magistrate Judge